UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XINYAO WANG,

                        Plaintiff,

        – against –

HAINAN HNAT-MANAGEMENT (US)
LLC *d/b/a* HNA TRUST MANAGEMENT,

                        Defendant.

**ORDER & OPINION**

24-cv-04251 (ER)

RAMOS, D.J.:

Xinyao Wang brought this action against Hainan Hnat-Management LLC ("HNA") on June 4, 2024.  Doc. 1.  She alleged violations of the Fair Labor Standards Act ("FLSA") and various provisions of the New York Labor Law ("NYLL").  *Id.* ¶¶ 1–2.  Wang alleged that HNA failed to pay her the minimum wage and an overtime premium for hours she was required to work, and that she is entitled to unpaid back wages, overtime premium, spread of hours pay, and an additional amount as liquidated damages, reasonable attorneys' fees and costs.  *Id.* ¶ 1.  Before the Court is the parties' motion for approval of their settlement agreement.  Doc. 28.  For the following reasons, the motion for settlement approval is GRANTED.

I.      **LEGAL STANDARD**

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor ("DOL").  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).  The parties therefore must satisfy the Court that their agreement is "fair and reasonable."  *Beckert v. Ronirubinov*, No. 15-cv-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted).  In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including, but not limited to, the

following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)) (internal quotation marks omitted).

Courts may reject a proposed FLSA settlement if the parties do not provide the basis for the recovery figure, if they fail to include documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), cited with approval in *Cheeks*, 796 F.3d at 205–06.

## II.    DISCUSSION

### A.  Range of Recovery

The proposed settlement agreement provides a total recovery of $12,000.  Doc. 28 at 3.  Pursuant to the agreement, Wang's counsel will receive $4,400 in attorneys' fees and costs.  *Id.* at 5.  After attorneys' fees and costs, Wang will receive $7,600 over four installment payments.  *Id.* at 3.

Wang estimates that her maximum recovery would be approximately $40,110.  *Id.* at 2.  Specifically, she estimates that she is entitled to recover $10,000 under the NYLL, about $15,055 in unpaid minimum and overtime wages, and an additional $15,055 in damages for willful violations.  *Id.* at 2.

In the instant case, the proposed amount is fair and reasonable.  *See Khan v. Young Adult Institute, Inc.,* No. 18-cv-2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of reasonable FLSA settlements ranging from 25% to 40% of

plaintiff's maximum recovery). There is value to Wang receiving a settlement without experiencing the risks and delays inherent in litigation.

Furthermore, Wang's counsel notes that there were contested disputes that went to the heart of her claims, and that HNA argued that "Plaintiff did not work the hours that she [allegedly] worked and that she was engaged in a [bona fide] internship which exempts [her] from the requirements under the FLSA and NYLL." Doc. 28 at 1. Wang's counsel also notes that Defendants vigorously alleged that Wang was properly paid. *Id.*

"Furthermore, the adversarial nature of a litigated FLSA case is typically an adequate indicator of the fairness of the settlement, and '[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.'" *Palma Flores v. M Culinary Concepts, Inc.,* No. 19-cv-1229 (ER), 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) (citation omitted). In light of the above-mentioned uncertainties and the risk of litigation, the settlement resolves bona fide disputes and reflects a reasonable compromise that fairly compensates Wang. *See Garcia v. Good for Life by 81, Inc.,* No. 17-cv-7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that settlement amount was a "reasonable compromise of disputed issues" (citation omitted)). And the settlement resulted from arm's length negotiations in which the parties were represented by experienced attorneys in the area of wage and hour litigation. Doc. 28 at 4.

Accordingly, the Court finds that the proposed settlement amount is fair and reasonable.

### B. Attorneys' Fees & Costs

The Court concludes that the proposed attorneys' fees and costs are reasonable. Wang's counsel will receive $4,400 in attorneys' fees and costs, which is approximately 37% of the settlement. *Id.* at 5. This is a reasonable percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases*." Lazo v. Kim's Nails at York Ave., Inc.*, No. 17-cv-3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y.

Jan. 2, 2019) (citation omitted).  Nonetheless, "courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.*  "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Trust Company*, No. 11-cv-3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Wang's counsel has submitted billing records for one attorney in this case:  Jesse Rose, a partner at The Rose Law Group, PLLC, who bills at a rate of $500 per hour.  Doc. 28 at 4–5.

As to Rose, the Court finds that the hourly rate of $500 is reasonable.  *See Redzepagic v. Hammer*, 14-cv-9808 (ER), 2017 WL 1951865, at *2 n.2 (S.D.N.Y. May 8, 2017) (approving named partner's billing rate of $500.00 per hour); *see also Bin Gao v. Jian Song Shi*, No. 18-cv-2708 (ARR), 2021 WL 1949275, at *17 (E.D.N.Y. Apr. 30, 2021) (noting that several 2021 decisions pursuant to *Cheeks v. Freeport Pancake House, Inc.*, approved hourly rates of $300 to $450 for partners).  Rose's hourly rate is commensurate with other similarly experienced partners in the field.

Wang's counsel, Rose, seeks a total of $4,000 in attorneys' fees.  Doc. 28 at 5. The records submitted by Rose show that he spent 14.75 hours on the case, resulting in a total lodestar of $7,375.  Doc. 28-2.  The lodestar of $7,375, compared to the requested $4,000 of the settlement, results in a lodestar multiplier of approximately 0.54.  Courts in this District have made clear that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014).  Accordingly, the Court accepts the multiplier of 0.54 and determines that $4,400 in attorneys' fees and costs is reasonable under the circumstances.

4

### C.  Other Provisions

The Court finds all other provisions of the settlement agreement to be fair and reasonable, as it includes no objectionable release, non-disparagement, or confidentiality provisions.  *See* Doc. 29-1; *see also Doe v. Solera Capital LLC*, No. 18-cv-1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021).  With respect to Wang's obligations under the agreement, the release appropriately "grant[s] full accord and satisfaction to the Defendant for all claims asserted in the Action or which were related to those claims under the FLSA or NYLL" and explicitly reserves Wang's rights to file administrative charges or complaints, among other rights.  Doc. 28-1 at 5; *see Solera Capital LLC*, 2021 WL 568806, at *1 ("factors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues"); *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 181 (finding that courts typically reject broad releases that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues").  The agreement contains no confidentiality provision.  *See generally* Doc 28-1.

### III.    CONCLUSION

For the foregoing reasons, the motion for settlement approval is GRANTED.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 28, and close the case.

It is SO ORDERED.

Dated:    January 2, 2026
          New York, New York

_____
EDGARDO RAMOS, U.S.D.J.